UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FIDELITY NATIONAL TITLE INSURANCE
COMPANY, a California corporation

      Plaintiff,

v.     No. 1:14-cv-00906 WPL/LAM

AG NEW MEXICO, FCS, FLCA

      Defendant.

## AGREED PROTECTIVE ORDER

**THIS MATTER** is before the Court on the parties' *Stipulated Motion for Protective Order (Doc. 44)*, filed March 9, 2015. The parties stipulate to entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) containing the following provisions:

1. A "confidential document" refers to Fidelity's Claim Handbook and other documents produced pursuant to discovery in this case, including a deposition transcript or answers to interrogatories, that has been designated confidential by the producing party. "Confidential information" is information from the Claims Handbook or other documents produced during discovery that has been designated confidential by the producing party. In the case of documents or answers to interrogatories, such designation shall be made by placing on the face of the document or the interrogatory answer, the designation "CONFIDENTIAL." In the case of deposition testimony, the designation may be made on the record at the deposition, by identifying the starting and ending points of testimony to be designated, and such testimony shall be separately transcribed and afforded the protections set forth herein. The designation of a

document or information as confidential does not create any presumption for or against its confidentiality, if the issue is presented to the Court under paragraph 5 of this order.

2.  It is the responsibility of each party to designate the documents, or portions thereof, and information for which it claims confidentiality under this order and to advise counsel for all other parties in writing of the documents so designated.

3.  Documents and information produced in this action and designated confidential pursuant to this order shall not be disclosed to any person except as allowed in this order or pursuant to further order of the Court.

4.  Documents and information designated confidential pursuant to this order may be disclosed without further order of the Court to:

   a.  Attorneys for the parties, their associated attorneys, and their support staff, including secretaries, paralegals, accountants, and other experts employed by the attorneys of record;

   b.  The parties and/or their representatives;

   c.  Any person to whom disclosure is required or permitted by law;

   d.  Any person, in any manner or under any conditions, agreed to in writing by the parties.

Attorneys of record shall advise all persons, who are given access to confidential documents and information of the terms of this order.

5.  If at any time a party disagrees with another party's designation of a document or information as confidential, the dissenting party shall notify the designating party in writing that it no longer intends to treat that document or information as confidential. Within seven business days of the date on which it submits such a notice, the objecting party may apply to the Court for

a ruling as to the confidentiality of the document or information. The confidentiality of any document or information for which such an application is submitted shall be maintained until the Court rules on the application.

6. This order does not limit a party's right to disclose confidential documents or information to the Court in pleadings, motions, memoranda, or affidavits; provided, however, that any disclosure of confidential documents or information shall be made only under seal in a sealed envelope or under such other safeguards as the Court may require in order for such materials to be used, introduced or offered to the Court for consideration.

7. This order does not limit a party's right to disclose confidential documents or information at a hearing or trial in this case, subject to such protective order as the Court may make at that time.

8. Within forty-five (45) days following final disposition of this action, including any appeal, all copies of confidential documents governed by the terms of this order, except for documents that are part of the record of this case, shall be returned to the party that produced them during discovery, or alternatively, counsel for the receiving party shall certify to the producing party that the documents have been destroyed or will be maintained solely by counsel in counsel's files as necessary to satisfy counsel's professional liability insurance coverage requirements.

9. This order shall not impair the right of a party to assert any defense or objection to the discovery, production, use, relevance, or admissibility of any documents or information, whether or not governed by this order.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**

Submitted and approved: *(Prior to modification by the Court)*

MOSES, DUNN, FARMER & TUTHILL, PC

By: *Joseph L. Werntz*
     Joseph L. Werntz
Attorneys for Fidelity National Title Ins. Co.
P.O. Box 27047
612 First Street NW
Albuquerque, NM 87125-7047
Telephone: (505) 843-9440
Email: joe@moseslaw.com

LAW OFFICE OF GEORGE "DAVE" GIDDENS, PC

By *George D. Giddens*
George D. Giddens
H. Jesse Jacobus, III
Attorneys for AG New Mexico
10400 Academy Road, NE, Suite 350
Albuquerque, NM 87111
dave@giddenslaw.com
jjacobus@giddenslaw.com